IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANIYRA SCOTT,<br>    Plaintiff, | :<br>:<br>: |
| v. | : CIVIL ACTION NO. 23-CV-3371 |
| | : |
| CITY OF PHILADELPHIA PARKING<br>AUTHORITY, PARKING<br>VIOLATIONS BRANCH,<br>    Defendant. | :<br>:<br>:<br>:<br>: |

### MEMORANDUM

SÁNCHEZ, C.J.                                                                                    OCTOBER 2, 2023

Plaintiff Shaniyra Scott asserts claims under the Fair Debt Collection Practices Act ("FDCPA") against the Philadelphia Parking Authority (the "PPA").[1] Scott seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Scott leave to proceed *in forma pauperis* and dismiss her Complaint.

## I.    FACTUAL ALLEGATIONS

The allegations in Scott's Amended Complaint are brief. She alleges that she is a "consumer" and that PPA is a "debt collector," as those terms are defined in the FDCPA. (Am. Compl. at 2, ECF No. 6.) Scott attaches as exhibits to the Amended Complaint various Violation Notices, Notices of Default, and other correspondence that PPA sent her in connection with at least 20 parking tickets she accrued from March 1, 2023 through July 30, 2023. (*See* Am. Compl. at 9-20.) It appears that the total amount that Scott owes to PPA, which includes the fines, penalties, and fees associated with these parking tickets, is nearly $2,000. (*See id*.) Scott

---

[1] Scott initiated this action by filing a *pro se* Complaint. She subsequently filed an Affidavit of Truth in Support of Claim (ECF No. 6), which the Court construes as and will herein refer to as an Amended Complaint.

alleges that the exhibits are "bills and coupons" that are the "obligation of the United States." (*Id.* at 2.)  She also alleges that the Exhibits are each proof that PPA violated the following sections of the FDCPA: 15 U.S.C. §§ 1692b(5), 1692c(a), 1692j(a), 1692d(2), 1692f(6)(A), 1692f(1), and 1692e(2)(A).  (Compl. at 2-3.)

Scott also attaches as an exhibit a document titled "Bill of Particulars," wherein she appears to itemize each alleged FDCPA violation by the PPA and includes the total statutory damages to which she believes she is entitled: $163,392.00.  (*Id*. at 6.)  For relief, Scott requests that the PPA "dismiss" all ticket violations and pay her $163,392.00.  (*Id*. at 4, 6.)

## II.     STANDARD OF REVIEW

The Court will grant Scott leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Scott's Complaint if it fails to state a claim.  The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  Additionally, the Court must review any claims over which subject matter jurisdiction is lacking.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc*., 810 F.3d 116, 122 n.6 (3d

Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). As Scott is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

Scott asserts claims under the FDCPA based on the PPA's attempts to collect fines, penalties, and fees associated with numerous parking violations incurred by Scott.[2] "Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Rotkiske v. Klemm*, 140 S. Ct. 355, 358 (2019) (quoting 15 U.S.C. § 1692(e)). "The FDCPA pursues these stated purposes by imposing affirmative requirements on

---

[2] Scott also makes a passing reference to the Fourth Amendment, noting that her rights under the Fourth Amendment have been violated. She does not allege any facts in support of this conclusory statement. To the extent that Scott intended to assert a Fourth Amendment claim, she has provided no facts to support it, and therefore has failed to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678; *see also Campbell v. LVNV Funding, LLC*, No. 21-5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (explaining that "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other" (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994))).

In addition, Scott references two criminal statutes, 18 U.S.C. § 242 and 18 U.S.C. § 245(b)(2)(E). Criminal statutes generally do not give rise to a basis for civil liability. *See Strunk v. Wells Fargo Bank, N.A.*, 614 F. App'x 586, 589 n.4 (3d Cir. 2015) (*per curiam*) (noting that criminal statutes generally do not provide a private cause of action); *Bullock v. Bimbo Bakeries USA Inc.*, 414 F. App'x 470, 473 (3d Cir. 2011). Moreover, the federal criminal statutes cited by Scott do not provide an individual a private cause of action. *Carpenter v. Ashby*, 351 F. App'x 684, 688 (3d Cir. 2009) (no civil cause of action created by § 242); *Thompson v. Irwin*, No. 04-6453, 2005 WL 2230315, at *5 (D.N.J. Sept. 13, 2005) ("It is well established, however, that a violation of [18 U.S.C. § 245] is not grounds for civil liability." (citing cases)). Accordingly, any claims based on the PPA's alleged violation of 18 U.S.C. § 242 and 18 U.S.C. § 245(b)(2)(E) will also be dismissed.

3

debt collectors and prohibiting a range of debt-collection practices." *Id.* (citing 15 U.S.C. §§ 1692b-1692j); *see also Riccio v. Sentry Credit, Inc.*, 954 F.3d 582, 585 (3d Cir. 2020) (*en banc*) ("The FDCPA protects against abusive debt collection practices by imposing restrictions and obligations on third-party debt collectors.").

To state a claim under the FDCPA, a plaintiff must allege that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Moyer v. Patenaude & Felix, A.P.C.*, 991 F.3d 466, 470 (3d Cir. 2021) (internal citation omitted). Where a plaintiff fails to allege facts supporting each of these elements, the FDCPA claim is not plausible. *See Humphreys v. McCabe Weisberg & Conway, P.C.*, 686 F. App'x 95, 97 (3d Cir. 2017) (*per curiam*) (concluding that FDCPA claim was pled based on "conclusory and speculative statements that cannot survive a motion to dismiss").

Scott has failed to allege a plausible FDCPA claim for two notable reasons. First, based on the facts alleged, the PPA is not a debt collector subject to the FDCPA. A "debt collector" is defined by the FDCPA as "any person" who "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" or "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6); *Tepper v. Amos Fin., LLC*, 898 F.3d 364, 365-66 (3d Cir. 2018). This statutory language focuses "on third party collection agents working for a debt owner—not on a debt owner seeking to collect debts for itself." *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721 (2017). In contrast, "creditor" is defined in part as "any person . . . to whom a debt is owed." *Id*. § 1692a(4). Thus, creditors are generally not debt

4

collectors. *Tepper*, 898 F.3d at 366 ("Creditors—as opposed to 'debt collectors'—generally are not subject to the [Act].").

Scott provides no facts about whether or how the PPA collects or attempts to collect debts owed to others but instead states in conclusory fashion that the PPA is a debt collector under the FDCPA. *See Est. of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) (affirming dismissal of FDCPA claim where "the complaint alleges, in a conclusory fashion, that the [defendant] is a 'debt collector' by quoting the relevant definition from the FDCPA" but "provides no factual allegations that suggest [the defendant] regularly collects or attempts to collect debts owed to another"). The Court need not credit Scott's bald and conclusory allegations because her exhibits belie her allegation that the PPA acted as a debt collector. *See Blackwell v. United Auto Credit*, No. 20-6591, 2021 WL 1238720, at *2 (E.D. Pa. Apr. 2, 2021) ("[T]he Court need not credit an allegation that exhibits contradict." (citing *Vorchheimer v. Phila. Owner's Ass'n*, 903 F.3d 100, 112 (3d Cir. 2018)).

The exhibits reveal that PPA attempted to collect outstanding fines, fees, and penalties owed to it on its on behalf and not amounts owed or due to another. Based on this, the PPA is creditor and not a debt collector. *See Tepper*, 898 F.3d at 366; *Coleman v. Parking Violations Branch*, No. 21-1251, 2021 WL 2312688, at *2 (E.D. Pa. June 4, 2021) (dismissing all FDCPA claims asserted against the PPA because the PPA is not a "debt collector" under the statute in that it does not collect debts owed or due to another); *see also Staub v. Harris*, 626 F.2d 275, 277 (3d Cir. 1980) ("The [FDCPA] does not apply to persons or businesses collecting debts on their own behalf."); *Peri-Okonny v. Am. Sec. Ins. Co.*, No. 17-13763, 2020 WL 7028815, at *5 (D.N.J. Nov. 30, 2020) (dismissing FDCPA claims against mortgage lender, in part because lender acted as a creditor in communications regarding the debt owed to it).

Second, Scott has also failed to allege that she owes a "debt" under the FDCPA. Fees incurred for parking violations are not considered "debts" subject to protection by the FDCPA. A "debt" covered by the FDCPA is "any obligation or alleged obligation of a consumer to pay money *arising out of a transaction* in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5) (emphasis added). "Congress's use of the term 'transaction' demonstrates that Congress intended the FDCPA to apply only to consensual matters, which will almost always arise from an express or implied contract." *Coleman*, 2021 WL 2312688, at *2. A parking violation or fine "does not stem from a consensual transaction and thus is not a debt under the FDCPA." *Id*. (quoting *Gulley v. Markoff & Krasny*, 664 F.3d 1073, 1075 (7th Cir. 2011)). Thus, the amounts Scott owes to the PPA for parking violations are not considered a "debt" under the FDCPA. *See id*. (concluding that plaintiff's debt to the PPA was not a debt under the FDCPA); *Reid v. Am. Traffic Solutions, Inc.*, Nos. 10-204 & 10-269, 2010 WL 5289108, at *4-5 (S.D. Ill. Dec. 20, 2010) (concluding that fines for traffic violations are not debts under FDCPA).

In any event, Scott has not alleged how any Defendant specifically violated the FDCPA. She instead references various sections of the FDCPA and alleges in conclusory terms that the PPA violated those sections. She also handwrites FDCPA sections on each exhibit, presumably to allege that she believes those sections were violated. However, Scott may not solely rely on exhibits attached to her Complaint, including the handwritten citations to the FDCPA provisions on those exhibits, to state plausible claims. Scott specifically references 15 U.S.C. §§ 1692b(5),

1692c(a), 1692j(a), 1692d(2), 1692f(6)(A), 1692f(1), and 1692e(2)(A).[3]  Scott does not allege how the PPA specifically violated these FDCPA provisions.  The Court can not speculate about the basis of Scott's claims based on attachments to the Complaint.  *See Estate of Egenious Coles*, 658 F. App'x at 111 ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint."); *see also Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.").  Accordingly, Scott has not alleged plausible FDCPA claims.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Scott leave to proceed *in forma pauperis* and dismiss her Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  The dismissal will be with prejudice because the Court concludes that amendment would be futile.  An appropriate Order follows.

**BY THE COURT:**

**/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, C.J.**

---

[3] Section 1692b prohibits a debt collector from communicating with any person other than the consumer for purpose of acquiring location information about the consumer.  Section 1692c addresses various prohibited communications from a debt collector to a consumer.  Section 1692j "prohibits forms that create the false impression that some third party, other than the creditor or its collector, is involved in the collection of the debt at issue." *Stegall v. SN Servicing Corp.*, No. 16-2122, 2017 WL 971042, at *8 (E.D. Pa. Mar. 13, 2017).  Section 1692d prohibits "harassment or abuse" from a debt collector.  Section 1962f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."